(95 App. Div. 545.)

BROWN et al. v. COLEMAN.

(Supreme Court, Appellate Division, First Department.  June 29, 1904.)

1. ARREST—CIVIL ACTION—AFFIDAVIT—SUFFICIENCY.

An order of arrest in a civil action was granted on an affidavit of plaintiff stating that defendant was indebted to him for a certain sum on a protested check, "as more fully appears by the sworn complaint in the action hereto annexed," and that the plaintiff is about to commence an action against the defendant. There was in the record an affidavit of plaintiff's attorney that defendant had on several occasions admitted that when he issued the check he had no funds in the bank in South Carolina on which it was drawn with which to pay the check, and that he had promised on several occasions to pay such check, but had not done so.  The order of arrest recited that it was granted on the affidavit of plaintiff. *Held* that, without the affidavit of the attorney, there was no evidence to show that defendant's bank account was not good for the amount of the check.

2. SAME.

An affidavit for arrest on the ground that, at the time a check on which suit was brought was drawn, defendant had no funds in the bank, is insufficient, where it does not appear .that when the check was presented for payment he had no funds to meet the same, and it does not appear from the affidavit where the transaction took place, and, if it was in the state of South Carolina, where the bank was situated on which the draft was drawn, it set forth no statute showing it a crime in that state to draw a check on a bank without sufficient funds on deposit to meet the same.

Appeal from Special Term, New York County.

Action by James N. Brown and others against John Coleman.  From an order denying defendant's motion to have an order of arrest vacated, he appeals.  Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. W. Marlow, for appellant.

Matthew P. Ennis, for respondent.

LAUGHLIN, J.  The motion to vacate the order of arrest was made upon the papers upon which it was granted upon the grounds, among others, that the complaint fails to state a cause of action, and that the moving papers were insufficient.  The complaint is verified.  The plaintiffs allege that they received and accepted, for value, a check for $2,000 drawn by the defendant to their order on the People's Bank of Darlington, S. C., "by which check the defendant falsely and fraudulently represented that he had funds to meet the same" in said bank, "whereas said defendant had only a small balance in said bank"; that the defendant drew the check for $2,000 with intent to deceive and defraud the plaintiffs, and to induce them to give him credit for that amount, and failed to increase his balance in the bank to meet the check; that the check was duly presented for payment, but payment was refused, and it was duly protested for nonpayment; that the full amount thereof is now due and owing to the plaintiffs; and that they have been damaged "by reason of said fraudulent acts of said defendant as aforesaid" in the sum of $2,000 and the protest fees, no part of which has

been paid. The order of arrest was granted on the affidavit of one of the plaintiffs, which states that the defendant is justly indebted to them in the sum of $2,098.93, for principal, interest, and protest fees, as payees of a check drawn by him on said bank for the payment of the sum of $2,000 to the order of the plaintiffs, "as more fully appears by the sworn complaint in this action hereto annexed," and that the plaintiffs are about to commence, by a summons thereto annexed, an action in the Supreme Court against the defendant. There appears in the record an affidavit of the attorney for the plaintiffs stating that the defendant has on several occasions "admitted to deponent that, at the time he issued the check for $2,000 set forth in the complaint, he, the said Coleman, had no funds in the People's Bank of Darlington, South Carolina, with which to pay said check, and that said Coleman has promised said deponent on several occasions to pay said check, but has not done so." This affidavit is not specified in the order of arrest, which recites that it was granted on the affidavit of one of the plaintiffs. Without the affidavit of the attorney, there was no evidence to show that the defendant's bank account was not good for the amount of the check. The appellant does not raise the point that the affidavit of the attorney is not referred to in the order, but in obtaining an order of arrest a party is confined strictly to proper practice, and the defendant is entitled to know from the order itself the moving papers upon which it is based. If, however, the affidavit of the attorney could be considered, still we think the papers are insufficient. The admission to the attorney is merely that at the time the check was drawn the defendant had no funds in the bank, but it does not appear that, at the time the check was presented for payment, he did not have ample funds to meet the same. Moreover, the admission to the attorney is inconsistent with the allegation in the complaint that the defendant did have a small balance in the bank at the time of drawing the check. It does not appear where the transaction took place. If in the state of South Carolina, no statute is set forth showing that it is a crime to knowingly draw a check upon a bank, without sufficient funds upon deposit at the time to meet the same. Nor does it satisfactorily appear that the plaintiffs parted with value for the check. It is stated in the complaint that it was received and accepted for value, but that is a mere conclusion, and, to warrant an order of arrest, the evidentiary facts should be stated. It is further argumentatively alleged that the defendant drew the check with intent to deceive and defraud the plaintiffs, and to induce them to give him credit for the amount, but it is not directly stated that they did give him credit. The nature of the credit, if given, is not stated. It may have been upon an existing indebtedness. It is further alleged that he failed to increase his balance in the bank to meet the check, but there is no affidavit to substantiate this allegation, and it is not sufficiently supported by the mere fact that payment was refused.

It follows therefore that the order should be reversed, with $10 costs and disbursements, and the motion should be granted, with $10 costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur. PATTERSON and INGRAHAM, JJ., concur in result.